## Appeal of Bucknor, Admr.

The conclusive effect of a judgment against a decedent cannot be controverted, in a proceeding before the orphans' court to compel decedent's administrator to sell property to satisfy the judgment.

An order of the court below decreeing the sale of a decedent's real estate under a judgment valid on its face sustained, even although the claim upon which the judgment was founded had been once proved against decedent's estate, in bankruptcy proceedings, and the real estate sold under the decree had been acquired subsequent to those proceedings.

(Decided February 8, 1886.)

Appeal from a decree of the Orphans' Court of Philadelphia County. Affirmed.

Frank P. Moody, on October 27, 1883, filed his petition in the orphans' court, setting forth that he had a judgment for $7,153 against A. J. Bucknor, deceased, and praying that the administrator, Wm. H. Bucknor, be required to file a petition to sell certain real estate to pay this judgment. The administrator filed an answer averring that A. J. Bucknor had been adjudged a bankrupt, and that Moody had proved his claim against the bankrupt estate, and that the same was thereby discharged, and satisfied.

Moody obtained his judgment October 15, 1870, for want of a sufficient affidavit of defense. Bucknor died November 2, 1878. After his death a scire facias to revive the judgment and

NOTE.—A plea of bankruptcy to an action brought in a district court of this state, based upon a judgment recovered in Maine, is bad if it does not aver the decree of discharge and certificate. Ingalls v. Savage, 4 Pa. 224.

bring in the administrator was issued.    A decree was entered in Moody's favor.    Upon these facts the orphans' court entered a decree that the administrator file a petition to sell.    He accordingly filed the petition and the sale of the estate was made. From these proceedings the administrator appealed.

*Samuel Gustine Thompson,* for appellant.—If a lien of a debt be gone, the real estate of a decedent cannot be sold to pay such debt.    Clauser's Estate, 1 Watts & S. 208; Pry's Appeal, 8 Watts, 253.

The act in regard to bankruptcy provides that no creditor proving his claim shall be allowed to maintain any suit at law or in equity.    He shall be deemed to have waived all right of action.    And all proceedings already commenced, or unsatisfied judgments obtained against the bankrupt, shall be deemed discharged and surrendered.    *Re* Meyers, 2 Ben. 427, Fed. Cas. No. 9,518.

A judgment proved against a bankrupt's estate is deemed extinguished.    *Re* Wright, 2 Ben. 509, Fed. Cas. No. 18,065; Milne's Appeal, 99 Pa. 491.

If this judgment be void and creates no lien, the sci. fa. to revive creates no lien.    Dorrance v. Scott, 3 Whart. 313, 31 Am. Dec. 509.

*Henry C. Terry,* for appellee.—A creditor proving his debt or claim is not held to have waived his right of action against a bankrupt, where a discharge is refused, or the proceedings are determined without a discharge.    Act of June 22, 1874, 57; Rev. Stat. § 5106. Ansonia Brass & C. Co. v. New Lamp Chimney Co. 53 N. Y. 123, 13 Am. Rep. 476, Affirming 64 Barb. 435; Allen v. Soldiers' Business Messenger & D. Co. 4 Nat. Bankr. Reg. 537, 2 L. T. B. 158; Shellington v. Howland, 53 N. Y. 371; Allen v. Ward, 4 Jones & S. 290.

A creditor, in the event of a discharge not being granted, may retain a judgment or an action already commenced, and thus save himself from the trouble and expense of instituting a new suit, and be enabled in some cases to avoid a plea of the statute of limitations.    Hoyt v. Freel, 8 Abb. Pr. N. S. 220, 4 Nat. Bankr. Reg. 131; Smith v. Soldiers' Business Messenger & D. Co. 35 N. J. L. 60.

An adjudication of bankruptcy, without a discharge, is not a defense to an action. Raiguel v. Gerson, 2 W. N. C. 304; Longacre v. Myers, 1 W. N. C. 109.

Before any discharge is granted, the bankrupt must take and subscribe an oath to the effect that he has not done, suffered, or been privy to, any act, matter, or thing specified as a ground for withholding such discharge or invalidating the discharge if granted. Rev. Stat. § 5113.

When a bankrupt dies before he has taken this oath, a discharge cannot be granted. *Re* O'Farrell, 2 Nat. Bankr. Reg. 484, 3 Ben. 191, Fed. Cas. No. 10,440; *Re* Gunike, 4 Nat. Bankr. Reg. 92, 2 Biss. 354, Fed. Cas. No. 5,868.

PER CURIAM:

The conclusive effect of the revived judgment cannot be controverted in this proceeding. It was entered generally without any limitation or restriction as to the extent of its lien. It stands unreversed and unchanged. It became a lien on all the real estate of the defendant therein which he then owned. Conceding that by appropriate plea and defense the judgment might have been so restricted as not to become a lien on the land which the defendant acquired after he was decreed a bankrupt, yet it was not done. We cannot in this proceeding consider what should have been done to prevent the creation of the lien. We are bound by the legal effect of what was actually done. So viewing it, there was a valid and subsisting lien on ...e real estate in question, which justifies the order of sale and the confirmation thereof.

Decree affirmed and appeal dismissed, at the cost of the appellant.